# IN THE UNITED STATE COURT OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Norma Diane Fritz | ) | |
| James Leach | ) | |
|  5124 College Street | ) | |
| Finleyville Pa. 15332 | ) | |
| | ) | |
| **PLAINTIFF** | ) | Case No. 11-0129 |
| **V.** | ) | |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A. | ) | **First Amended Complaint** |
| Danielle Pecenka Cullen | ) | |
| James Warmbrodt, Esquire, | ) | **Fair Debt Collection Practices Act,** |
| Sarah E. Ehasz | ) | **Title 15 U.S.C. § 1692 et seq.** |
| Benjamin Bibler | ) | |
| Erin Breen, Employee | ) | **Pennsylvania Fair Credit Extension** |
| John Doe, One Up, | ) | **Uniformity Act, § 2270.1 et seq.** |
| Jane Doe, One Up, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **DEFENDANT** | ) | |

## COMPLAINT

## I. INTRODUCTORY STATEMENT

1.      This is a civil action complaint brought by a resident of the Washington

County, of Pennsylvania for violations of the Fair Debt Collection Practices

Act, P.S § 1692 et seq. (here in after "FDCPA") and the Pennsylvania Unfair

Trade Practices and Consumer Protection Act et seq. 73 Pa. C.S. §201.1 and

the Pennsylvania Fair Credit Extension Uniformity Act, P.S. § 2270.1 et seq.

which prohibits debt collectors from engaging in abusive, deceptive, and

unfair practices. Defendant James Warmbrodt, Esquire, in his individual as

well as his corporate capacity, while employed by and acting on behalf of and

under the direct supervision of Weltman, Weinberg & Reis Co., L.P.A.,

hereinafter is a debt collector pursuant to Title 15 U.S.C. §1692 a(6) engaged

in a collection of an alleged debt and violated Title 15 U.S.C. §1692et seq. by

abusive, deceptive, and unfair practices with the effect collecting an alleged

debt pursuant to Title 15 U.S.C. §1692a(5) by intentionally, deliberately,

knowingly depriving the Plaintiffs of the protection afforded plaintiffs (here

in after referred to as Fritz or Plaintiff) under the aforementioned FDCPA.

Additionally, Plaintiff brings a claim of negligence and claims listed in the

above caption page against Defendants, James Warmbrodt, Esquire, and

Weltman, Weinberg & Reis Co., L.P.A., and all of their employees who

benefit financially when the Defendants, who act violation of the laws of

Pennsylvania and Title 15 U.S.C. §1692 et seq. specifically referenced above.

Finally, Plaintiff files this civil complaint for declaratory judgment,

injunctive relief, actual damages and punitive damages for intentional

infliction of emotional distress and for improper collection techniques.

## II. JURISDICTION AND VENUE

2.   Jurisdiction is conferred on this court by 15 U.S.C. § 1692k(d) and 28 U.S.C.
     § 1337 and supplemental jurisdiction exists under the state law claims
     pursuant to 28 U.S.C. §1367. Declaratory relief is available Pursuant to 28
     U.S.C. § 2201 and 28 U.S.C. § 2202.

3.   A jury trial is demanded.

4.     Venue is proper in the Western District of Pennsylvania, because the parties,

witnesses and evidence are common to the Washington County, which is

located in the Western District of Pennsylvania, as well as the fact that the

defendants transact business in the Western District of Pennsylvania, and the

conduct complained of occurred in the Western District of Pennsylvania.


## III. PARTIES

5.     At all times material and relevant times hereto, Plaintiff is Norma Diane

Fritz (hereinafter referred to as Fritz or Plaintiff), an adult individual

consumer, (Pursuant to Title 15 U.S.C. § 1692a(3) and FCEUA 73 Pa. C.S.

2270.1 and resides at 5124 College Street, Finleyville Pa. 15332. The

Plaintiff's residence is located in the Washington County of Pennsylvania.

6.     At all times relevant material times hereto, Plaintiff is James Leach

(hereinafter referred to as Fritz or Plaintiff, an adult individual consumer,

(pursuant to Title 15 U.S.C. §1692a(3) and FCEUA 73 Pa. C.S. 2270.1 and

resides at 5124 College Street, Finleyville, Pa. 15332 which is in Washington

County, Pennsylvania.

7.     At all times material and relevant times hereto, Plaintiff, Fritz is a consumer

Pursuant to Title 15 U.S.C. §1692a(3) and is being harassed, abused, and is a

target for illegal debt collection violations and/or omissions by the

Defendants, Weltman, Weinberg & Reis Co., L.P.A., and all of their licensed

attorneys who benefit from these violations of federal and state laws, James

Warmbrodt and Attorney Bibler, who are debt collectors as defined in Title

15 U.S.C. §1692a(6), who try to collect debt directly and/or indirectly alleged

debt owed to another and debt (pursuant to Title 15 U.S.C. §1692a(5) in which collection of debt is their primary business as posted on their Web page. The definition of the term "debt" is governed under Title 15 1692a(5) is any debt and/or owing any amount of money in any type of a business transaction directly and/or indirectly relating to a consumer debt for personal, family, and/or household nature and the FCEUA, 73 Pa. C.S. 2270.1.

8.   At all times material and relevant times hereto, Defendant Sarah E. Ehasz, Esquire an employee of Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is vicariously liable in her corporate as well as her individual capacity and is a debt collectors pursuant to Title 15 U.S.C. §1692a(6) and FCEUA, 73 Pa. C.S. 2270.1 et seq. Sarah E. Ehasz, business information is 436 Seventh Ave.  Suite 1400 Pittsburgh Pa 15219 and uses the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and the Sarah E. Ehasz is involved under a respondeat superior relationship with her employer and regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

9.   At all times material and relevant times hereto, Defendant Danielle Pecenka Cullen, Esquire an employee of Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is vicariously

liable in her corporate as well as her individual capacity and is a debt collectors pursuant to Title 15 U.S.C. §1692a(6) and FCEUA, 73 Pa. C.S. 2270.1 et seq. Danielle Pecenka Cullen, business information is 436 Seventh Ave. Suite 1400 Pittsburgh Pa. 15219 and uses the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and that Danielle Pecenka Cullen is involved under a respondeat superior relationship with her employer and regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

10.   At all times material and relevant times hereto, Defendant Benjamin R. Bibler, Esquire an employee of Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is vicariously liable in his corporate as well as his individual capacity and is a debt collectors pursuant to Title 15 U.S.C. §1692a(6) and FCEUA, 73 Pa. C.S. 2270.1 et seq. Benjamin  R. Bibler, business information is 436 Seventh Ave. Suite 1400 Pittsburgh Pa 15219 and uses the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and the Benjamin R. Bibler is involved under a respondeat superior relationship with his employer and regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

11.   At all times material and relevant times hereto, Defendant Erin Breen, an employee of Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to

as Defendants WWR and/or WWR) is assisting in the field of debt collection, pursuant to §1692a(6) and is profiting financially by violating the FDCPA pursuant to Title 15 U.S.C.§1692a(6) and the FCEUA, 73 Pa. C.S. 2270.1et seq. Erin Breen, Defendant is employed at their Pittsburgh having a registered Pennsylvanian office address as 436 Seventh Ave. Suite 1400 Pittsburgh Pa 15219 and uses the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce assisting WWR in their regularly attempts to collect consumer alleged debts due another and/or their own purchased alleged defaulted consumer debt.

12.    At all times material and relevant times hereto, Defendants JAMES WARMBRODT, ESQUIRE, (hereinafter referred to as WWR) and/or Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is a debt collectors pursuant to Title 15 U.S.C.§1692a(6) and FCEUA, 73 Pa. C.S. 2270.1et seq. Defendants WWR have a registered Pennsylvanian office address as 436 Seventh Ave. Suite 1400 Pittsburgh Pa 15219 and use the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and the WWR regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

13.    Attorney Bibler, at all times material and relevant times hereto, Defendants Bibler, Esquire, (hereinafter referred to as WWR) and/or Weltman,

Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is debt collectors pursuant to Title 15 U.S.C.§1692a(6) and FCEUA, 73 Pa. C.S. 2270.1et seq. Defendants WWR have a registered Pennsylvanian office address as 436 Seventh Ave. Suite 1400 Pgh. Pa 15219 and use the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and the WWR regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

14. James Warmbrodt, Esquire, & Associates is a Pennsylvania Corporation, who's primarily collect debts for others and is classified under Title 15 §1692a(6) (debt collector) and has a register office located at 436 Seventh Ave. Suite 1400 , Pittsburgh, Pa. 15219

15. At all times material and relevant times hereto, Defendants Warmbrodt, is a debt collector Pursuant to §1692a(6) taking orders and command in a respondeat superior relationship under Defendant WWR and represented Defendant WWR in Judge Emery's Court trying to collect on an alleged debt and is covered under Pa. Title 73 §2270.1 et seq.

16. Jane and John Doe are the other yet to be named Attorneys who benefit financially through the violations and omissions of violating Title 15 U.S.C. 15 §1692 et seq. and the Pennsylvania FCEUA 2270.1 et seq. and will be named defendants after discovery and/or depositions are completed. Being that Fritz is naming all licensed attorneys in Weltman, Weinberg, & Reis Co., L.P.A., defendants are barred from representing themselves for they all

benefit from illegal activities.

17.    At all times material and relevant times hereto, John and Jane Doe, One Up (hereinafter referred to as WWR) are employees, servants or agents, supervisors or managers and/or licensed attorneys employed by the Corporate Defendant WWR having numerous other business addresses and are natural persons employed by the Corporate Defendant(s) in a respondeat superior and/or apparent authority type relationship as debt collectors.

18.    Defendants WWR, and each and all of them, are "debt collectors" as defined by the FDCPA 15 U.S.C. §1692a(6) and the FCEUA, 73 Pa. C.S. 2270.1.

19.    At all times material and relevant hereto, Defendants, and each and all of them, are jointly, severally, individually, vicariously, and/or equitable liable to the Plaintiff.

## IV. OPERATIVE FACTS

20.    Attorney Warmbrodt filed law suit on behalf of Chase Bank in the amount of $6,314.51 plus interest of 6% and $300 in attorney fees and cost.

21.    Washington Sheriff's department served the initial complaint on/or about December 1, 2009.

22.    Fritz mailed first Request for Admissions by U.S. Certified Mail with proof of service which was accepted and signed for WWR on February 5 2010.

23.    April 14, 2010, WWR filed Motion for Summary Judgment with Brief in Support which stated that no material facts were presented and requested Summary Judgment.

24. WWR has developed a pattern of abuse, oppression and harassing methods of calling Fritz on the day before a hearing or on the same day or the next day after receiving a pleading filed by Fritz.

25. James Leach has suffered consortium by the tactics used by the Defendant's collectively in order to cause emotional distress, marital rights, companionship, affection and attention and aid when both Leach and Fritz has spent hundreds of hours collectively and individually studying and defending themselves against these trained legal experts. The Plaintiffs, Leach and Fritz are classified as least sophisticated consumers under 1692e and least susceptible consumers under 1692d.

26. April 14, 2010 WWR filed Motion for Summary Judgment using incorrect "Statement of Accounts" for the filed accounts referenced a "mortgage debt" while case 2009-10243 specifically referenced an alleged credit card thus proving the intentions of WWR was deceptive, misleading and deceitful and a violation of WWR's Professional Code of Ethics.

27. Fritz filed "Motion to Compel" on/or about May 17, 2010 and WWR in their answer to Response to Motion to Compel June 1, 2010 stated that they never received Fritz's Request for Admissions when fritz's produced a executed return receipt requested green card that was signed by ErinBreen an employee of WWR proving deceptive, deceitful and intent to deny Fritz's right to a fair trial.

28. On June 7, 2010, Defendant John Doe (unknown substitute) told Judge DeSalle that WWR and Defendant (John Doe), himself had previously

responded to Fritz's Request for Admissions, of Feb.4, 2010 submitted by Fritz once again proving their lack of concern to comply with fritz's rights to a fair trial and thus violating WWR's own professional code of conduct.

29.    WWR had submitted a unsigned executed alleged credit card agreement and stated that this is the agreement binding Fritz and Chase to a contractual relationship on/or about April 14, 2010 which is deceptive and misleading.

30.    May 17, 2010, Fritz filed "Motion to Compel" when WWR failed to properly responds to Fritz's first Request for Admission some ninety days late another intentional violation of Pa. R.C.P. requirement to answer under good faith pursuant to Pa. Professional Rules of Conduct 3.1, 3.3

31.    On/or about May 19, 2010, Fritz filed her "Response to Summary Judgment based upon ten material facts in dispute once again substantiating intentional and calculated violation of the FDCPA, PA.FCEUA by refusing to comply with PA. Rules of Civil Procedure with the intend to deny Fritz her 14th Amendment Rights to due process.

32.    WWR intentionally deceived the PA. Courts by incorrectly stating that their were no material facts in dispute thus proving that WWR's had not reviewed the files.

33.    On June 1, 2010, WWR responded to Fritz's in a deceptive, fraudulent way by stating on the record that WWR had never received Fritz's First Request for Admission when fritz showed Judge DeSalle that WWR had in fact accepted and signed the U.S. Certified Receipt accepting and proving service which is an outright misrepresentation.

34. WWR had once again mislead the Court on June 7th, 2010 when WWR and

Defendant (John Doe) stated that he had responded to Fritz's First Set of

Request for Admissions on/or about 2-24-2010 which was not true.

35. WWR has seldom mail any copy of any of their pleadings to Fritz in

violation of state law.

36. August 20, 2010, Judge Emery orders WWR to respond and answer Fritz's

interrogatories and production of documents within thirty days and to date

WWR has failed to respond to the Court's order thus denying Fritz's right to

properly defendant her state Court action which is a violation of WWR's

Professional Rules of conduct 3.1 and 3.3.

37. Judge Emery denies WWR's Motion for Summary Judgment based upon ten

material facts in dispute as stated and ignored by WWR.

38. WWR is using the Court as a indirect debt collector through intimidation of

going to court and are using their professional training to obtain judgments

often times that cannot be proven.

39. As of this date February 2, 2011, WWR has not responded to any discovery

as ordered by Judge Emery.

40. WWR has repeatedly called Fritz at her home and cell phone numerous

times that will be proven based upon the Production of Documents, including

and not limited to phone records.

### V. COUNT ONE

### Violations of the Fair Debt Collection Practices Act

41.    Defendants WWR, and each and all of them, unfairly, unlawfully,

intentionally, deceptively, deceitfully have violated the FDCPA and the

FCEUA by not complying with FCEUA and the FDCPA.

42.    The violations of WWR, and other future defendant(s), and each and all of

them named and yet not named as of this filing in their individual and/or in

their corporate capacity have violated the above referenced laws and in no

manner shall they be limited to the following and are liable for any future

violations of any other acts:

43.    WWR violated 15 U.S.C. §1692e(2)(a) by the false representation of the

character, amount, or legal status of any debt.

44.    WWR violated 1692e(2)(b) by the false representation of any service

rendered or compensation, which may be lawfully received by any debt

collector for the collection of a debt.

45.    WWR's failure to produce any original documents has violated 15 U.S.C.

§1692e(13) by representing to have original documentations when in fact has

not produced any original documents.

46.    WWR has failed to comply with Pa. R.C.P. 1028a(1),(2), (3), (4) and (5) for

the Complaint did not properly inform Plaintiff whether the law suit was a

suit on the statement of account theory or was it based upon breach of

contract thus violating Title 15 U.S.C. §§1692d(1), e(2)(A), e(3), e(4), e(5),

e(8), e(9), e(10, e(13) and §1692f(1).

47.    WWR used a robo-signer by the alleged name of Ruben A. Alcaraz as the

verification signer when Plaintiff tried numerous time by calling Chase and

requesting his contact information which WWR has refused to give thus violating §1692e(10).

48.  WWR has violated all of the violation specifically mentioned in paragraph 46 for their Exhibit 1 does not comply with the rules governing a statement of account suit.

49.  WWR has violated all of the violations in paragraph 46 by grouping the alleged charges in one alleged amount thus denying Plaintiff the right to examine with specificity all of the alleged charges and give Plaintiff the right to dispute the alleged charges.

50.  WWR failed to charge that Plaintiff actually used the alleged credit card with specificity thus violating all the violations referenced in paragraph 46 as though they were hereby referenced hereby verbatim.

51.  WWR has failed to state what exactly was expected in return from Chase Bank in return for unilaterally altering the terms of this fraudulent account thus violating all the mentioned violations in paragraph number 46 as though they were herein included verbatim.

52.  WWR has not only monetized the fraudulently created negotiable instrument but Chase has securitized the fraudulent negotiable instrument(s) thus placing it into a trust where Chase received payment for the asset backed security.

53.  WWR knew, should have known and intentionally concealed the action of Chase in order to unjustly enrich themselves when WWR knew, should have

known and actually concealed that Chase Bank violation Pa. Title 13 C.S. §3-407 thus violating all the violations mentioned in paragraph 46.

54.  WWR knew, should have known and actually concealed that the alleged card holder agreement does not apply to Plaintiff thus violation WWR Rules of Professional Conduct 3.7, 3.1 and 3.3 and all the mentioned violations in paragraph 46 as though they were specifically mentioned verbatim herein.

55.  WWR has not produce documentations that shows who is really the holder in due course, WWR has filed a Complaint on November 17, 2009 (No. 2009-10243) in the Court of Common Pleas of Washington County based upon improper admissible evidence that are not in compliance with the Pennsylvania Rules of Evidence.

56.  WWR has not complied with §1692e(3), 3(10) and e(5) by filing a frivolous complaint based upon faulty information for the alleged statement of accounts make it very clear that the alleged exhibits only apply to a Mortgage account with Chase and specifically state, These statement of accounts do not apply to any other account.

57.  WWR has filed complaint number 2009-10243 with improper "Statement of Account," in which WWR have used in the foundation of their Complaint when they knew, should have known that the "Statement of Accounts", are not agreed upon by Plaintiff.

58.  WWR 's "Statement of Accounts," does not prove that Plaintiff has any indebtedness to  Chase Bank and Defendant WWR cannot substantiate the

actual existence of debt and violated Title 15 U.S.C. §1692e(2)(a) and the FCEUA 2270.1.

59.   Defendant WWR has violated 15 U.S.C. §1692e(3) by a false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney.

60.   If WWR examined the complete file they would have realized that this debt was in dispute for several years.

61.   Defendant WWR clearly violating 15 U.S.C. §1692e(5) by taking legal action that cannot legally be taken or never intended to be taken for this Complaint based upon the improper and/or lack of admissible evidence.

62.   Defendant WWR filed complaint number 2009-10243 with the intention of receiving a default judgment thus denying Plaintiff of his 14th Amendment Due Process Rights thus violating §1692e(10) and 2270.1et seq. in a deceptive, misleading manner knowingly that filing a insufficient law suit involved false representation and deceptive way of trying to collect on a unproven debt.

63.   WWR lacked sufficient evidence to prove the debt at trial as evidenced by the Judge's Order denying WWR "Motion of Summary Judgment" thus violating §1692e(5) and e(4) and all the violations stated in paragraph 46 as if they were included herein word for word.

64.   WWR misrepresented material facts when WWR stated that WWR is entitled to a Summary Judgment because of no material facts in dispute.

65.   WWR intentionally ignored Fritz's "Motion of Opposition to Summary Judgment when it is very clear as evidenced by the Judge's rejections of

WWR's Summary Judgment based upon more than several material facts in dispute.

66.   WWR attempted to deny Fritz her Constitutional rights and have intentionally, deliberately, knowingly and with the intent of harm to Fritz only to increase WWR's unjust enrichment in violation of all the infraction contained or mentioned in paragraph 46 as though they were specifically mentioned herein verbatim.

67.   Defendant WWR has violated §1692e(5); §1692e(2)(A); §1692e(3); §1692e(4); §1692e(13), §1692f(1) and 2270.1 et seq. by not having sufficient evidence in order to support the filing of the complaint, examples, the accounting ledgers, proper statement of accounts showing with specificity each and every charge, what alleged merchandise was purchased stating the date, time, merchant and prove by producing ledger accounts to substantiate payment and show what specific asset account from Chase Bank (hereinafter referred to as "Bank") payment was rendered to create the alleged indebtedness of Plaintiff.

68.   Defendant WWR cannot prove that Bank is not indebted to Plaintiff let alone that Plaintiff is indebted to Bank in any amount. This lack of evidence violates §1692f(1) and the FCEUA §2270.1 et seq.

69.   Defendant WWR has filed Complaint Number 2009-10243 based upon false information thus committing a fraud upon the Common Pleas Court and has intentionally, deceptively, deceitfully, willfully, maliciously violated §1692f(1) and the Pa. FCEUA §2270.1 et seq.

70.  Defendant WWR by filing the above mentioned complaint has lead Plaintiff to conclude that Defendant WWR had the authority of the Bank and had in their possession the evidence necessary to institute legal proceedings when in fact their case lacks any credible evidence to prove any indebtedness and has violated §1692e(5), §1692e(3), §1692e(2)(A), §1692e(3), §1692e(4), §1692e(10), §1692e(13), §1692f(1) and the Pa. FCEUA §§ 2270.3 and 2270.4 and the other relevant law mentioned in the caption page.

71.  Defendants WWR have violated §1692e(10), §1692e(3), §1692e(5) and §1692e(2)(A) and other mentioned state laws by filing a mass produced law suits that WWR has not personally reviewed the files, and is not personally participating in the collection process but just simply signs the mass produced complaint. In all of the 67 counties of Pennsylvania WWR's Complaint are the same thus violating §1692e(10).

72.  Defendant WWR has violated §1692e(2)(A) and §1692f(1) by filing Complaint Number 2009-10243 for an estimated or incorrect amount of $6,314.51 plus interest of 6% and $300.00 in attorney fees without producing a executed agreement clearly depicting the terms and conditions of the alleged agreement and after an examination of other complaints filed by WWR, WWR is not complying with §1692e(10) for the majority of the attorney fees are $150.00.

73.  Defendant WWR has made false and misleading statements in Complaint Number 2009-10243 by stating, "Defendant, (Fritz) applied for and received a credit card bearing the account number 2687without ever producing

documentation to prove their assumptions thus violating maliciously and gregarious violation of §1692e(10), §1692e(3), §1692e(2)(A), §1692e(4), §1692e(5), §1692f(1) and Pa. FCEUA §2270.1 et seq.

74. Defendants lack of review has caused Fritz extra physiologically trauma for WWR apparent lack of review of the files as required under §1692§e(3) for it is very obvious that the alleged account number on the inadmissible evidence contains different account numbers one number2687 on the actual complaint but the alleged statement of account, which is manufactured by someone other than Chase for profit, shows two different account number, one number as 6870 and the other one being 2687.

75. July 15, 2010, Mr. Bibler stated in Court that Fritz created and forged paper work in order to assist her case when in reality the paperwork was supplied and delivered to Fritz from WWR, caused confusion and hesitation in Fritz when all the paperwork was supplied by WWR thus violating §§1692e(3), (5), (10), §1692d(1), improper review of the documents by WWR.

76. Defendant WWR has made false and misleading statements in the Complaint 2009-10243 by stating, "Defendant, (Fritz) made use of said credit card and has a current balance due of $6314.51 and has never produced any correct Statement of Accounts and/or a signed contract and/or application having Fritz's name affixed to it. This is a malicious and gregarious violation of §1692e (10), §1692e(3), §1692e(2)(A), §1692e(4), §1692e(5), §1692f(1) and Pa. FCEUA §2270.1 et seq.

77.   Defendants WWR in their Complaint number 2009-10243 implied and/or
      alleges that Fritz failed making monthly payments when due. This is a great
      injustice and assumes facts not introduced as evidence to substantiate any
      debt at this time. This improper action of WWR has violated §1692e (10) and
      §2170.et seq.

78.   Defendants WWR has tried to mislead the court by making bald allegations
      based upon conclusions of law at best in attempt to confuse Fritz in an
      attempt to violate Fritz's due process rights by introducing false information
      in order to deceive the court and Fritz and is a violation of §1692e(10) and
      FCEUA §2270.1.

79.   The statement of account and/or improper "Exhibit 1" is not a contract and
      does not include the terms and conditions allowing for any interest and
      "Exhibit 1" does not provide sufficient evidence under the Federal and the
      Pennsylvania Rules of the Evidence §4.01et seq., §6.01et seq., §701et seq.,
      §901et seq., requirements for authentication or identification of evidence has
      not been complied with in WWR's Complaint, §902(11), and is simply not
      the best evidence rule under §1002 and have violated §1692e(10), §1692e(3),
      §1692e(2)(A), §1692e(4), §1692e(5), §1692f(1) and Pa. FCEUA §2270.1 et seq.

80.   Wherefore, Fritz hereby asks this Court to grant Judgment in her favor and
      put a stop to WWR's harassing, oppressive and abusive collection methods in
      order to financially enrich them and has violated all the infraction mentioned
      in paragraph 46.

81.   Fritz's hereby states that Paragraphs One (1) through paragraphs eighty (80) are hereby incorporates the foregoing Paragraphs as though they were specifically stated or reprinted hereinafter.

## VI. COUNT TWO

### Violations of the Fair Debt Collection Practices Act

82.   Plaintiff repeats, re-alleges and incorporates the forgoing Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

83.   Defendants WWR have violated the FDCPA.  Defendants' violations of the FDCPA  include, but are not limited to, the following:

84.   The WWR do not fall under any of the exemptions and are "debt collectors" pursuant to §1692a(6) (are debt collectors by their own admissions who attempt to collect debt directly and/or indirectly debt due another) and are not exempt under 15 U.S.C. § 1692(A)-(F).

85.   Fritz is under prosecution pursuant to Title 15 U.S.C. §1692a(3) for qualifying as a consumer and allegedly owes a unsubstantiated debt to Chase Bank and have had her consumer and constitutional  rights violated by the omissions of WWR.

86.   The Defendants WWR violated 15 U.S.C. § 1692e(8) by placing and/or not removing false and derogatory information on Plaintiff's credit report on a debt that remains in dispute.

87.   The Defendants WWR violated 15 U.S.C.§ 1692g by taking legal action

during the debt validation request period in a manner that over shadowed

the notice of validation rights and would create confusion for the least

sophisticated consumer about their rights.

88.   The Defendant WWR violated 15 U.S.C.§ 1692i in that they have no legal

standing to  bring this action based upon lack of evidence in order to support

the allegations in the Complaint 2009-10243.

89.   WWR filed Praecipe to Dismiss Complaint without Prejudice on/or about

April 28, 2011 proves that WWR has violated §1692e(5), including and not

limited to the violations referenced in paragraph number 46.

90.   As Ordered by the Court on January 20, 2022, Fritz sent to WWR, her

request for Production of Documents and WWR failed to properly answer

the request by stating that the information sought was only a conclusion of

law and that "we do not have to answer it" thus violated all the violations in

paragraph number 46.

91.   WWR answered Fritz's Production of Documents in the following fashion, in

paragraph of their answers, WWR states in paragraph one (1) of WWR

response, "Plaintiff has no wet ink document to supply defendant." Thus

violating §1692e(5) and all the violations in paragraph 46.

92.   WWR stated in their answer to paragraph five (5) a bold face distortion of

the truth when WWR states under oath, "the original were already mailed to

the defendant when they were produced and should therefore be in her

possession," Defendant hereby states that is not true thus violating all the violation referenced in paragraph 46 of Plaintiff's Complaint.

93.   In paragraph 5 of WWR response WWR stated, "WWR does not intend to call a witness at trial to provide expert testimony", thus violating the violations mentioned in paragraph number 46.

94.   In paragraph six, WWR states, "WWR has no intention of calling an expert to testify."

95.   In paragraph seven, it becomes obvious that WWR filed this bogus state complaint without any evidence per their admission in paragraph seven, when WWR states that they would be provided once the documents becomes available proving their violation of all the violation in paragraph in 46.

96.   WWR also admitted in paragraph eight that WWR had no admissible evidence to even file this law suit. WWR stated and objected to under a conclusion of law but the real conclusion of law is being practiced by WWR by filing this law suit based upon conclusions of law which violations the violations once again in paragraph 46.

97.   WWR advised Fritz upon the dismissal of the case that Fritz's credit rating would be tarnished as implying that Fritz should pay up to avoid this negative credit rating thus violating §1692e(8) and all the violations specifically referenced in paragraph 46.

98.   Fritz called several times the office of president of Chase Bank looking for Ruben Alcaraz and what told by Chase Bank that they could not find him thus proving that non-existance of this ROBO SIGNER thus violating all the

violation contained in paragraph 46 and are liable to this court for fraud, misrepresentation and should have their bar license taken.

99.    Fritz searched the local county courthouses and found that Mr. Alcarez's job titles on different days was Assistant Treasurer to Chase, Officer at Bank Card Services to Chase's Collection Company, obvious a demotion, another time he was, Assistant Treasurer of Chase Bank Card Services, a Subsidiary of Chase Bank, another time he was Assistant Treasurer of Chase Bank USA, N.A., thus violating the infractions in paragraph 46.

100.   At all times material and relevant times hereto, Defendants JAMES WARMBRODT, ESQUIRE, (hereinafter referred to as WWR) and/or Weltman, Weinberg & Reis Co., L.P.A., (hereinafter referred to as Defendants WWR and/or WWR) is a debt collectors pursuant to Title 15 U.S.C.§1692a(6) and FCEUA, 73 Pa. C.S. 2270.1et seq. Defendants WWR have a registered Pennsylvanian office address as 436 Seventh Ave. Suite 1400 Pittsburgh Pa 15219 and use the instrumentality of the United States Mail Service, telephone and other instrumentalities of interstate and intrastate commerce and the WWR regularly attempts to collect consumer debts alleged to be due another and/or their own purchased alleged defaulted consumer debt.

101.   Wherefore, as a result of the above violations and/or omissions of the FDCPA and FCEUA, the Defendants are liable to the Plaintiff for damages that

Defendant's conduct violated the FDCPA, and Plaintiff' actual damages, statutory damages and cost.

# VII. COUNT THREE

102.   Plaintiff repeat, re-alleges and incorporates the forgoing Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

103.   The Defendant WWR have violated the Pa. Fair Credit Extension Uniformity Act (FCEUA)  Defendants' violations of the state Act include, but are not limited to, the following:

104.   Defendant WWR has violated 73 P.S. §2270.4(4) by taking legal action when

WWR had no intention of prosecuting the case. They were only thinking of using the Court as an indirect debt collector in order to obtain a judgment against Plaintiff.

105.   WWR has violated 15 U.S.C. §1692g by unfairly, unlawfully, intentionally, deceptively and fraudulently refusing to prove a written statement or notice of Plaintiff's validation and verification rights within five (5) days of Defendant's WWR first communication with Plaintiff the Defendant WWR, and each and all of them has violated 73 Pa. C.S. §2270.4.

106.   WWR has violated Title 15 U.S.C. §1692e(8) and the Pa. FCEUA §2271.1 et seq. and the Pa. Consumer Protection Act, (referenced above) by not checking with the credit reporting agencies on proper reporting to credit reporting agencies.

107.   WWR has violated Title 15 U.S.C. §1692e(4) and 73 Pa. C.S. §2271.4(a) by

unfairly, unlawfully, intentionally, deceptively and made fraudulent

misrepresentation that WWR would take possessions from Plaintiff by filing

a frivolous complaint.

108.   WWR has filed a complaint and has violated §1692e(5) and Pa. C.S.

§2270.4(a) without any intention of prosecuting the case for lack of sufficient

admissible evidence.

109.   WWR has violated §1692d(1) and §2270.4(a) by unlawfully, unfairly,

intentionally, willfully, maliciously, deceptively and fraudulently engaging in

conduct whose natural consequences were to harass, oppress, and/or abuse

Plaintiff in connection with the collection of the debt.

110.   The acts and/or omissions of the Defendant WWR and each and all of them,

as described in this Civil Complaint were done absent of bona fide error,

lawful right, legal defense, legal justification or legal excuse.

111.   As a causally-direct and legally proximate result of the above violations of

the FCEUA, the Defendant WWR and each of them, are liable to the Plaintiff

for declaratory judgment that the Defendant's WWR conduct violated the

FCEUA and Plaintiff's actual damages, statutory damages, treble damages

and costs and attorney fees in the near future if necessary.

112.   Defendants WWR have violated 73 P.S. §2270.4(5)(ii) by falsely representing

that the alleged debt was not in dispute subsequent to the filing of Complaint.

113.   Defendant WWR violated 73 P.S. §2270.4(5)(viii) by knowingly reporting

false and inaccurate information to the credit bureaus about Plaintiff

including the failure to communicate that the debt was disputed.

114.   Defendant WWR acts as described above were done intentionally with the

purpose of coercing and harassing by placing emotional distress and through

filing of the complaint and then allowing the least sophisticated consumer

and/or the least susceptible consumer to lose sleep, effect his marital

relationship by not pursuing litigation once it was filed. Has violated 2270.1

et seq.

115.   As a result of the above violations of the state Act, the Defendants are liable

to the Plaintiff for declaratory judgment that Defendants conduct violated

the state Act, and Plaintiff's actual damages, statutory damages and costs.


## VIII. COUNT VII
### Title 13 Pa. Consolidated Statutes

116.   Plaintiff repeats, re-alleges and incorporates the forgoing Paragraphs of this

Civil Action Complaint as if each of them was reprinted herein below.

117.   Under Pennsylvania law, Title 13 Pa. C.S., (PA UCC) Defendants WWR have

perpetuated negligent misrepresentation upon the Plaintiff to wit:

a.   Defendant WWR filed on a Respondeat Superior relationship with Bank a

Complaint 2009-10243 and has violated Title 13 Pa. C.S. §3302(a)(2)(i)[no

value was ever given] (ii) [in bad faith] (iii) being that Fritz never had a

credit relationship with Bank than the only logical explanation is that the alleged negotiable instrument was created and/or misapplied by Bank.

b. WWR, purchased the alleged debt and/or working directly for a debt purchaser have concealed material facts thus violating their Professional Rules of conduct by misleading Courts that Chase Bank has retained legal holder status when Fritz can and will prove that the alleged fraudulently created note(s) were securitized thus destroying Chase Bank's claim and/or their entitlement to collect.

c. As a direct and proximate result of the above violations made by Defendant WWR, the Defendants WWR are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, costs and fees.

d. Defendants' malicious use of the Pennsylvania Courts in the furtherance and perpetuation of this misrepresentation of the proper party in interest should be dealt with sanctions pursuant to Pa. R.C.P. 1023.4.

e. Defendant WWR and its representatives portray themselves as attorneys. They swore oaths as officers of this court to know the law, and therefore should have knowledge of the illegalities they have perpetuated upon this honorable Court and our federal and state laws including and not limited Title 18 §7310 (Unfair Trade Practices and Consumer Protection Law)

f. Defendant WWR and its representatives should be disciplined and/or disbarred for their knowing and malicious flagrant lack of adherence to the laws.

g.  WWR is misrepresenting, that the Bank is the holder in due course of the promissory and/or negotiable instrument(s) and/or contract within the provisions of Pa. Uniform Commercial Code 13 Pa. C.S. §§ 3302 when supporting evidence to substantiate these conclusions of law is not evidentiary.

h.  Defendants WWR having proceeded with these legal actions in spite of their own knowledge that the alleged loan in question was not funded with valuable consideration other than that belonging to the Plaintiff (Fritz) constitutes unauthorized alterations of the instrument contrary to §3-407 of Pa. Uniform Commercial Code on Alterations.

i.  The terms and provisions of 13 Pa. C.S. §9203 have not been met under the totality of the circumstances of the dealings by WWR with the plaintiff.

j.  To be a holder in due course the bank and/or debt collector had to purchase the negotiable instrument for value, there can be no claim and/or defense against it and in good faith. No such evidence has been submitted in Court filing 2002-10243

k.  Defendant WWR order Defendant Warmbrodt to prosecute the case knowing that they lacked sufficient evidence and that Defendant Warmbrodt would be violating Title 15 U.S.C. §1692d,e,f,g,j and k.

l.  WWR has violated §-3303 by not producing any alleged document and/or prove that valuable consideration was given to obtain the alleged negotiable instrument and violated Pa. Title 7 for not being able to prove that the bank had indeed purchased the alleged indebtedness.

m.   WWR has violated §3-307 by concealing a broken fiduciary relationship that bank has violated against Fritz.

n.   WWR has violated §3-308 not only by concealing a broken fiduciary relationship of bank but has deceptively made false allegations in case number 2009-10243 that bank has a signed agreement and/or contract having Fritz's name affixed and yet no specific documents have ever been produced.

o.   WWR have misrepresented a material fact when they knew, should have known and intentionally concealed with criminal intent to mislead this Court into thinking that Chase was the actual  plaintiff, having standing to prosecute this case.

p.   Chase Bank with the knowledge of WWR has concealed and are purposely distorting the truth of this case when both parties knew and/or should know that Chase monetized, securitized the fraudulently created note(s) thus placing the note in question into a trust accounting thus taking it of their ledger accounts losing all entitlement and/or claim to the alleged note where it became a asset backed security (ABS).

## IX. COUNT VIII

### Title 18 Pa. Consolidated Statutes (Crimes and Offenses)

118.   Plaintiff repeats, re-alleges and incorporates the forgoing Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

119.    Defendant WWR has violated Title 18 § 4107(a)(5) by making a false or

misleading written statement for the purpose of obtaining property or credit;

November 17, 2009 when WWR has filed a Complaint and continues to

deceive and mislead this court with statements that is full of false and/or

misleading written statements.

120.    Defendant WWR has violated Title 18 §4114, "Securing execution of

document(s) by deception," "A person commits a misdemeanor of the second

degree if by deception he causes another to execute any instrument affecting

or purporting to affect or likely to affect the pecuniary interest of any

person." WWR has to produce the unaltered signed contract between

Plaintiff and Bank and has to prove that Plaintiff was not misleading by

deception what type of an alleged agreement was being formed.

121.    Plaintiff Fritz informs this Court that Plaintiff reserves the right to request

to amend this Complaint adding additional defendants and other violations

not specifically included in this Complaint. Plaintiff will be seeking complete

discovery and/or dispositions to further expand on other charges against

bank and signer of verification Chapter 49, Title 18.

122.    Defendants' violations of Title 18 § 7311 include, but are not limited to, the

following:

a.    The Defendant WWR have violated Title 18 § 7311(a) by failing to provide a

valid, written assignment between the creditor, in the instant case.

b.  The Defendant WWR have violated Title 18 § 7311(c) by directly furnishing legal services within the Commonwealth while acting as a debt collector.

c.  The Defendant WWR violated Title 18 § 7311(a)(b.1) "is unlawful for a collector to collect any amount, including interest, fees, charges or expense incidental to the principle obligation, unless such amount is expressly provided in the agreement creating the debt," WWR has not produced any signed contractual agreement between bank and WWR and/or any signed agreement between bank and Plaintiff.

d.  The Defendants WWR have violated Title 18 §7311(a)(f) by "intimidating any debtor by delivery or mailing any paper or document simulating, or intending to simulate, a summons, warrant, writ, or court process as a means for collection of a claim, or to threaten legal proceeding against any debtor." WWR served Plaintiff with a complaint number 2009-10243 on November 17, 2009 and never prosecuted the case but simply filed the case as a form of intimidation.

123.  WWR has violated Title 42 §8351(a), Title 15 U.S.C. §1692e(10) and the Pa. FCEUA Title 73 §2220.1 et seq. by using the court in filing Complaint 2009-10243 in a wrongful use of Civil Proceedings.

124.  WWR has violated Title 42 §8355, Title 15 U.S.C. §1692e(8) and §1692e(10) and the Pa. FCEUA Title 73 §2220.1 et seq. by using the court in filing Complaint 2009-10243 in a wrongful use of Civil Proceedings by filing and signing the Complaint without properly reviewing the entire file. Mr.

Warmbrodt lacked good faith, and his only reason for instigating the law suit was for his unjust enrichment and to harass, to maliciously injure another or to cause unnecessary delay or increase the cost of litigation.

125.   WWR has violated the infraction of §1692e(3) and e(8) by basing this frivolous law suit on cursory statements of accounts and under Federal Law there is sufficient case law to state that any law suit cannot be based upon cursory statements.

126.   As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief, actual damages, punitive damages, statutory damages, costs and fees.

127.   Defendant WWR and its representatives portray themselves as attorneys. They swore oaths as officers of this court to know the law, and therefore should have knowledge of the illegalities they have perpetuated upon this honorable Court and our federal and state laws. WWR and its representatives should be disciplined and/or disbarred for their knowing and malicious flagrant lack of adherence to the laws.

128.   The Defendant WWR has violated Title 15 U.S.C. §1692e(3) by the limited ministerial nature of the Defendants review of the files for the brevity of the review lays bare its cursory nature.

129.   The Defendants violated Title 15 U.S.C. §§1692d, 1692e, and 1692f by oppressive, harassing, abusive by persecuting by unjust threat of force of authority, used false, deceptive or misleading representation and

unconscionable means used in the attempt to collect a disputed and unproven debt.

130.    The Defendants violated Title 15 U.S.C. §§1692e and 1692f by using insufficient cursory information as a basis for implying that a potential law suit was imminent.

        WHEREFORE, Fritz respectfully requests that judgment be entered against the Defendants et al for the following reasons:

        (a) That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA,

        (b) That an order be entered enjoining Defendants from continuing to communicate with plaintiff in violation of the FDCPA;

        (c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k (a) (1);

        (d) That

        judgmenZzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzz zzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzzz zzzzzzzzzzzzzzzzzzzzzzzzt be entered against Defendants for statutory damages pursuant to 15 U.S C. § 1692k(a)(2)(A);

        (e) That the Court awards costs and reasonable attorney's fees (when and if applicable) pursuant to U S.C. §1692k(a)(3),

        (f) That the Court grants such other and further relief as may be just and proper

(g) That the Court awards up to $1,000 00 per violation

**Respectfully submitted;**

**Norma Diane Fritz – James Leach**

# CONGRESSIONAL INTENT FOR ENACTING THE FDCPA

**Congressional intent for enacting the FDCPA** is to protect consumers from deceptive, abusive and egregious acts of debt collectors addressed within the Act AND those which are 'not' so specifically addressed when dealing with least susceptible and least sophisticated consumers[1] (*see* Senate Report No 382) by, as one means, enlarging monetary penalties against debt collectors[2]

Congress' express purpose of improving consumer redress and eliminating abusive debt collection practices (15 U S.C § 1692(b) and (e)) was upheld by the Federal Judge in *Kaschak v Raritan Valley Collection Agency*, Clearinghouse NO. 44,762 (D.N J. 1989)[not for publication] where statutory damages applies to "each" violation of the act rather than to each suit[3] *See also Creighton v*

---

[1]   Congress included this general proscription in recognition of its inability to foresee every conceivable future abusive debt collection method that may be used by debt collectors According to the Senate report " this bill prohibits in general terms any harassing, unfair, or deceptive collection practice This bill enables the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed " Senate Report No 95-382, at Page 4

[2]   "In assessing damages, the court must take into account the nature of the violation, the degree of willfulness, and the debt collector's persistence " Senate Report No 95-382, at Page 5 See also 15 U S C § 1692k(b)(1)

[3]   The first award for "multiple" FDCPA violations by a Court was for statutory damages of $4,000.00 committed by a single collector collecting a single debt (erroneously believed by the

*Emporia Credit Service, Inc ,* 981 F. Supp. 411 (E D. Va 1997), *Schimmel v.*

*Slaughter,* 975 F Supp 1357, (M.D. Ga 1997)—*[although a single violation of*

*the FDCPA established liability, the number and extent of violations were*

*relevant to damages, and the court considered each allegation of "separate"*

*violations]*

Congress intended to outlaw abusive collection practices and went to great

lengths to define abusive collection tactics with precision (S.R No. 382) *and*

*intended for private suits to be a major enforcement device (I.d. at 5)* by

empowering the Courts to 'enhance' statutory damages when violations are

viewed as aggravated or egregious[4].

---

collector to be "two" debts from a single consumer was the case of *Florence v National Systems,* Clearinghouse No 36,545 (N D Ga 1983), see also *Walczynski, v Vengraff, Weiss & Assoc, Inc,* C A No 88-4136, Clearinghouse No 45,939 (D N J 1990) the court awarded $4,000 00 statutory damages plus costs, *Bell v Nemeco, Inc ,* Clearinghouse No 44,329 (D N M 1989) the court awarded $5,000 00 statutory damages and $4,700 00 attorneys fees at $125 00 p/hr plus costs, *Commerce Serv Corp ,* Clearinghouse No 44,699 (E D Pa 1989)(consent order) for multiple violations of FDCPA and Pa UDAP statute, agreed to not violate the laws and pay $3,000 00 damages and $2,500 00 attorneys fees, *Ewing v Messerli,* Clearinghouse No 44,331 (D S D 1988) the court awarded consumer $5,000 00 statutory damages for "five" (5) 'intentional' and 'separate' violations in three communications, $2,340 00 actual damages (for pain and suffering, mental anguish, loss of income and medical expenses) for one spouse and $611 00 to the other (loss of income and consortium, pain and suffering, transportation expenses), and $3,948 85 attorneys fees for a total $11,899 85 liability), *Fishman v North Shore Agency, Inc.,* Clearinghouse No. 43,881, 22 Clearinghouse Rev 782 (N Y. Sup Ct 1988) multiple violations of FDCPA, state and local debt collection laws alleged and settled for $10,000 00 "compensatory" damages

[4]   See *Watson v Peterson Enterprises,* 57 F Supp 2d 1102 (E D Wash 1999) entitled to full statutory damages, and *Meile v Sid Bailey, Inc ,* 192 B R 611 (S D N Y 1996) providing maximum statutory damages, actual damages, and $60,000 00 punitive damages being awarded, *Rogers v Capitol Credit Corp ,* Clearinghouses No 41,259, 47 Wash Fin Rep (BNA) 377 (M D N C 1986) providing consumers $8407 80 actual damages, $1,000 00 statutory and $74,000 00 punitive damages, *Miele v Sid Bailey, Inc ,* 192 B R 611 (S D N Y 1996) $1153 43 actual damages and $60,000 00 punitive under State law claims, the Court cases listing monetary damage awards, including actual, statutory and "large" punitive damages to Plaintiffs, reads like a catalogue of ships

Congressional intent was to increase statutory damages where the activity is a frequent or persistent part of the collector's policy regarding all consumers[5]. Strict interpretation of the $1,000 00 statuary limit in Title 15 U S C §1692k was not the intent of Congress  Congressional records clearly prove that over time the FDCPA should be changed and updated to protect the consumers from any thing not considered by Congress in 1977 and 1986. If the statutory limit of $1,000 per case would be the only deterrent from preventing debt collectors from violating the FDCPA, it would be not much of a deterrent but would be nothing more than a cost of doing business by the debt collectors. Who wouldn't spend $1,000 in violations to return $10,000, $20,000 or even $50,000? This Court must grant up to $1,000 per violation to comply with Congressional intent  The FDCPA was to protect the citizens and make the financial penalties a cost prohibitive for debt collectors to violate the FDCPA. The abusive debt collection practices of WWR is typical of their egregious, intentionally and willful violations in complete disregard of others  The Defendants conducts there debt collection practices in respondeat superior and an apparent authority type of relationship between WWR and its employees. WWR actions is the exactly why the FDCPA was written and now it is up to this court to follow Congressional intent Based upon a complete review of Congressional records a great concern of Congress was the actions of debt collectors in the back room, not in the court room  This Court must follow with greater financial damages as the only way to curb the violations of Congressional intent.

---

[5]  See *Withers v Eveland,* 988 F  Supp  942 (E D  Va  1997), *Shelden v  J-K Collections, Inc ,* Clearinghouse No  45,722 (D.N M  1990)

The legislative history of the Act never refers to the statutorily provided awards as 'punitive damages' (see S Rep No 382 at 5, 8) but in light of the Act, Congress could NOT have meant to fashion a mere $1,000.00 maximum punitive award when the state punitive damage awards are almost always awarded in multiples of thousands of dollars[6] and the amounts sought in collection actions are usually many times higher than a mere $1,000.

The FDCPA does not prohibit the collection of valid debts by lawyer debt collectors (see Heinz v. Jenkins, 514 U.S 291, 115 S Ct.1489, 131 L. Ed. 2d 395 (1995)), it provides a remedy for consumers like the Plaintiff who have been subjected to abusive, deceptive and unfair debt collection practices alleged herein. See Pollice v. National Tax Funding, 225 F.3d 379, 400 (3rd Cir. 2000) & Crossley v. Lieberman, 868 F.2d 56 (3rd Cir. 1989).

Further Congressional intent for enactment of the FDCPA was to fulfill the Constitutional guarantee pursuant to the Seventh Amendment that parties to a private FDCPA action are entitled to a trial by jury[7].

---

[6] See *Summit Loans Inc , v Pecola*, 265 Md 43, 288 A 2d 114 (1972) $1,500 00 compensatory and $475,000 00 punitive damages awarded, *Reeves v Melton*, 519 P 2d 57 (Okla Ct App 1973) $1,500 00 actual and $5,000 00 punitive awarded, *Lloyd v Meyer*,586 S W 2d 222 (Tx. Civ App 1979) $15,000 00 actual and $11,000 00 punitive awarded

[7] The word "court," in 15 U S C § 1692k(a)(2)(A) authorizing "such additional damages as the court may allow," should be interpreted to permit trial by both judge and jury, finding that such an interpretation avoided the serious constitutional issues that would be raised under the Seventh Amendment if the Act was construed to prohibit trial by jury. The rights under the FDCPA most resemble tort actions for collection abuses which traditionally were viewed as being resolved at law and because the relief sought was monetary damages which was the traditional form of relief offered in the courts of law, the 15 U S C § 1692k(a)(2) reference to an allowance of damages by the court must be construed to embody the right of trial by jury, *Sibley v Fulton Dekalb Collection Service*, 677 F 2d 830 (11th Cir 1982), *Whatley v Universal Collection*

The FDCPA itself is an incomplete itemization of every unfair practice awaiting completion by the Courts via an opinion regarding a "new collection" practice by debt collectors like those alleged herein, i e , Defendants use of an "indirect debt collector" sitting on the bench to assist by allowing deceptive debt collection practices against Plaintiff by misuse of civil processes and perjury  The legal litmus test against the conduct that will be measured as either oppressive or harassing is from statutes specific prohibitions and from the viewpoint of the least sophisticated and least susceptible consumer  See Graziano v  Harrison, 950 F 2d 107, 111 (3rd Cir  1991) and Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 527 (E.D  Pa. 1996)  y

### Weltman, Weinberg & Reis Co., L.P.A., is not exempt from Federal Prosecution!

Plaintiff requests  this Court to further investigate the business operations and illicit collection tactics of WWR for knowingly causing interferences with Plaintiff's ability to engage in commerce under the commerce clause of the United States Constitution due to WWR's reach into the several states as evidenced by court filings in many states of this Union. See Hobbs Act, 18 U.S C. §1951 - "Interference with commerce with threats or violence "

Through violations by WWR of the FDCPA (15 U.S.C. 1692 et seq.) and the Pa. FCEUA (Title 73 §2270.1 et seq , as outlined within this Complaint,

---

*Bureau, Inc* , Clearinghouses No  31,818 (N D  Ga  1982)  See also *Keane v  National Bureau of Collections,* Clearinghouses No  35,923 (D  Md  1983)

WWR is engaged in conspiratorial "robbery" and "extortion," to deprive Plaintiff of his property under the color of law by violating the FDCPA and causing subsequently violations of State Laws that harmed Plaintiff in numerous ways Such violations causes financial harm and injurious emotional distress that affects Plaintiff's ability to engage in such commerce, of which WWR, being trained professionally in law, knows, or should have known to be criminally culpable for his actions in these regards WWR should be investigated under RICO Statute and other federal charges including and not limited to racketeering, collusion and other egregious violations for the safety of the people of this country