IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Norma Diane Fritz<br>James Leach<br>5124 College Street<br>Finleyville Pa. 15332<br><br>    Plaintiff,<br><br>v.<br><br>Weltman, Weinberg & Reis Co., L.P.A.<br>Danielle Pecenka Cullen<br>James Warmbrodt, Esquire<br>Sarah E. Ehasz<br>Benjamin Bibler<br>Erin Breen, Employee<br>John Doe, One Up,<br>Jane Doe, One Up,<br><br>    Defendants. | Civil Division<br><br><br>Case No. 11-0129<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT<br>OF MOTION TO DISMISS** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

AND NOW come Defendants, through their undersigned counsel, and file this Memorandum of Law as follows:

### I.   SUMMARY

This entire lawsuit is based on the actions taken and the statements made by Weltman, Weinberg & Reis Co. LPA ("WWR") in a lawsuit filed in state court against Plaintiff, Norma Diane Fritz, on behalf of Chase Bank USA, N.A. ("Chase"). Despite the fact that the State Court Action was voluntarily dismissed, Plaintiff seeks to revisit the State Court Action by seeking damages against Defendants for prosecuting the State Court

Action. However, Plaintiff neglected to raise any new matter, file counterclaims or seek any type of relief pursuant to Pennsylvania Rule of Civil Procedure 1023.1 in the State Court Action. Moreover, Plaintiff has failed to raise her claims under the Fair Debt Collection Practices Act before the expiration of the statute of limitations. In addition, the Amended Complaint falls far short of the post-*Iqbal* standard of pleading and fails to assert cognizable claims.

## II.   FACTUAL ALLEGATIONS

The entire focus of the Amended Complaint is upon a state court action filed in the Court of Common Pleas of Washington County by Weltman, Weinberg & Reis Co. LPA ("WWR") against Plaintiff, Norma Diane Fritz, on behalf of Chase at Docket Number 2009-10243 ("State Court Action"). *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (3d Cir. 1991)(judicial notice may be taken of matters of public record without converting a motion to dismiss to a summary judgment motion). All of the allegations contained in the Amended Complaint are confined exclusively to actions taken by WWR with respect to the State Court Action. According to Plaintiff, it was the filing and prosecution of the State Court Action that triggered the Defendants' liability. These allegations, however, fail to ascribe any specific, actionable conduct to the individually named Defendants.

The State Court Action was initiated in November 2009. The State Court Action was a collection matter based on credit card debt. Plaintiff neglected to raise any new matter or assert any counterclaims in the State Court Action. The State Court Action involved limited discovery as well as the filing of a motion for summary judgment by

Chase. Ultimately, the State Court Action was voluntarily dismissed by Chase on or about April 28, 2011.

## III. ARGUMENT

When reviewing a motion to dismiss based on Rule 12(b)(6), the well-pleaded facts of the complaint must be taken as true. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir 2008). However, to survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950.

### (Motion to Dismiss Directed To Counts One And Two)[1]

**A.   Plaintiff's Causes of Action Under the Fair Debt Collection Practices Act Are Time Barred.**

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA") provides a one year statute of limitations for private actions. 15 U.S.C. § 1692k(d)("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs"). Where FDCPA claims are based upon allegations of the improper pursuit of collection litigation, courts are split as to when the FDCPA's one-year statue begins to run. Some courts have held that such claims accrue upon the filing of the underlying action while others use the date on which the debtor was served with the complaint. *See Schaffhauser v. Citibank (South Dakota) N.A. et al.*, 340

---

[1] Plaintiff numbers her causes of action as "Count One", "Count Two", "Count Three", "Count VII" and "Count VIII." To avoid confusion, Defendants shall refer to "Count VII" as "Count Four" and "Count VIII" as "Count Five."

Fed.Appx 128 (3d Cir. 2009). In the present case, Plaintiff's claim under the FDCPA is barred regardless of the approach followed. As set forth in Paragraph 21 of the Amended Complaint, Plaintiff was served on December 1, 2009, with the complaint in the State Court Action.

Just like the present case, *Schaffhauser, supra* involved FDCPA claims against a law firm that were based exclusively on the fact that the law firm initiated a collection action against the debtors. Specifically, the debtors claimed that the law firm "initiated and pursued the debt collection actions in a deceptive and abusive manner and without legitimate cause." *Schaffhauser*, 340 Fed.Appx. at 129. The debtors further claimed that the defendant law firm as well as its creditor client fabricated documents to support their claims. *See id.* However, the debtors in the *Schaffhauser* case failed to file their complaint within the one-year statute of limitations.

On appeal, the debtors in *Schaffhauser, supra*, implicitly acknowledged their statute of limitations problem, but argued that the actions taken by the defendant law firm throughout its prosecution of the collection lawsuit constituted "a continuing violation" that served to toll the statute of limitations. The Third Circuit rejected this argument. In addition to the debtors' inability to cite any authority in support of this proposition, the Third Circuit indicated that it was unaware of any such authority and held,

> Indeed, the only circuit court decision addressing this issue has concluded precisely the opposite. [*Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997)]. Generally our decisions have limited the continuing violation doctrine to the employment discrimination context. *See, e.g., O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006). We decline to extend the doctrine to the circumstances of this case.

*Schaffhauser*, 340 Fed.Appx. at 131; *see also Agosta v. Inovision, Inc.*, 2003 WL 22999213 at *6 (E.D.Pa. 2003)("The one year limitation period in the FDCPA, however, is jurisdictional and not subject to waiver or tolling").

As set forth previously, the entire basis of this lawsuit is the prosecution of the State Court Action by WWR on behalf of Chase. The nature of Plaintiff's allegations are the same as debtors in the *Schaffhauser* case. Although Plaintiff was served with the complaint in the State Court Action on December 1, 2009, Plaintiff waited until February 2, 2011, to initiate the present lawsuit. Pursuant to § 1692k(d) of the FDCPA as well as *Schaffhauser, supra*, Plaintiff's claims pursuant to the FDCPA are time barred. Accordingly, Counts One and Two must be dismissed.

### (Motion To Dismiss Directed To Counts One Through Five)

**B.   The Amended Complaint Fails To Set Forth Sufficient Material Facts and Specific Allegations Necessary To Meet the Post-Iqbal Standard of Pleading.**

The two recent decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), represent significant changes to the federal pleading standards. Following these decisions, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. In order to survive a motion to dismiss, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* quoting *Twombly* at 570. District courts are now required to dismiss a complaint that pleads facts that are "merely consistent with" a defendant's liability, if the complaint "stops short of the

line between possibility and plausibility of 'entitlement to relief.'" *Id.*, quoting *Twombly* at 557.

In the context of a motion to dismiss, the Third Circuit has provided district courts with the following two-part test for determining compliance with the *Iqbal* standard:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, the District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n] – 'that the pleader is entitled to relief.'" This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009)(citations omitted). Accordingly, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Id.* at 211. No longer will a "bare-bones" complaint lacking a plausible claim for relief survive a motion to dismiss. *See Id.*

The sole basis of Plaintiff's Amended Complaint is that WWR prosecuted the State Court Action on behalf of Chase. Instead of demonstrating how any of Defendants' specific conduct gives rise to liability, the Complaint consists of a rambling synopsis of the State Court Action. While this Court must accept Plaintiff's well-pleaded facts as true, Plaintiff has failed to demonstrate any plausible claims for relief. In fact, it is very difficult to discern any material facts from the Amended Complaint that indicate Plaintiff's entitlement to relief. Instead of explaining how conduct in the State Court Action entitles Plaintiff to

damages in this present lawsuit, Plaintiff leaves much of this task of developing plausible claims upon the Court.

Examples of the many hollow conclusions and out-of-context allegations strewn throughout the Amended Complaint include the following:

- Defendants WWR, and each and all of them, unfairly, unlawfully, intentionally, deceptively, deceitfully have violated the FDCPA and the FCEUA by not complying with the FCEUA and the FDCPA. Amended Complaint, ¶ 41.

- WWR has not only monetized the fraudulently created negotiable instrument but Chase has securitized the fraudulent negotiable instrument(s) thus placing it into a trust where Chase received payment for the asset backed security. Amended Complaint, ¶ 52.

Another portion of the Complaint seeks to recover damages based on violations of the Pennsylvania Crimes Code:

- Defendant WWR has violated Title 18 § 4107(a)(5) by making a false or misleading written statement for the purpose of obtaining property or credit; November 17, 2009 when WWR has filed a Complaint and continues to deceive and mislead this court with statements that is full of false and/or misleading written statements. Amended Complaint, ¶ 119.

With the exception of James Warmbrodt and Benjamin Bibler, Plaintiff makes absolutely no attempt to ascribe any specific conduct to the individual attorneys named as Defendants in this lawsuit. The only specific conduct ascribed to Mr. Warmbrodt is the fact that he signed the complaint in the State Court Action - which alone cannot support a cause of action. The specific conduct ascribed to Mr. Bibler were alleged statements he made in open court. Amended Complaint, ¶ 75. The other individually named Defendants were named to this lawsuit simply by virtue of their employment with WWR. Plaintiff adds to this vagueness by seeking redress against the following unidentified individuals:

- "... all of their employees who benefit financially when the Defendants, who act violation of the laws of Pennsylvania and title 15 U.S.C. § 1692 *et seq.* specifically referenced above." Complaint, ¶ 1;

- "Employee John Doe", "One Up" and "Jane Doe." Caption;

- "The violations of WWR, and other future defendant(s), and each and all of them named and yet not named as of this filing in their individual and/or in their corporate capacity . . .." Amended Complaint, ¶ 42.

Clearly, Plaintiff has failed to meet the heightened standards of *Iqbal* - especially with respect to the individually named Defendants. As such, the Amended Complaint must be dismissed. At the very least, the Amended Complaint must be dismissed as it relates to the individually named Defendants.

**(Motion To Dismiss Directed To Counts One And Two)**

**C.   The Individually Named Defendants Did Not Engage In Any Conduct That Would Warrant Any Personal Liability Under the FDCPA.**

In determining whether debt collectors faced liability in their individual capacities, the Sixth Circuit held that the "[FDCPA] does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). "Rather, the FDCPA has utilized the principle of vicarious liability." *Id.* "With vicarious or *respondeat superior* liability, the debt collection company 'and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability." *Id.* (citation omitted).

The Third Circuit also recognizes the principle of vicarious liability with respect to the FDCPA. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000). The

*Pollice* case involved an FDCPA action against two debt collectors that were structured as limited partnerships. The general partner of both of these limited partnerships was a corporation that managed the day-to-day affairs of the limited partnerships. In finding that the general partner faced vicarious liability for violations of the FDCPA committed by the limited partnerships, the Third Circuit held that,

> the general partner of a 'debt collector' limited partnership may be held vicariously liable for the partnership's conduct under the FDCPA. In light of the general partner's role in managing the affairs of the partnership, we see no reason why the general partner should not be responsible for conduct of the partnership which violates the FDCPA.

*See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000). The Third Circuit further limited this holding by pointing out that "[l]iability for the general partner is particularly appropriate under the facts of this case - . . . [one of the limited partnerships] has no employees . . . , and accordingly we presume that its actions are taken through the personnel of [the general partner]." *Id*. The Third Circuit did not extend the principles of vicarious liability to the individuals employed by the general partner.

Here, Plaintiff has named the following individuals in this lawsuit based on the sole fact that they are employed by WWR: Danielle Pecenka Cullen, Sarah E. Ehasz, Erin Breen, Employee John Doe, One Up, Jane Doe, One Up. In addition to their employment with WWR, Plaintiff named James Warmbrodt and Benjamin Bibler in this lawsuit due to their involvement in the State Court Action. Mr. Warmbrodt was named as a defendant because he signed the complaint, and Mr. Bibler was named as a defendant because he appeared in court several times on the State Court Action. Plaintiff makes no further attempt to ascribe any specific conduct to these individuals. More important, Plaintiff makes no attempt to describe the individuals' involvement with WWR.

Clearly, the Amended Complaint is devoid of any allegations that would warrant the vicarious liability contemplated in the *Pollice* case. In addition to the specifically named individuals, Paragraph 16 of the Amended Complaint baldly asserts causes of action against every single attorney employed by WWR without any supporting allegations whatsoever. Such broad sweeping, personal liability is not permitted under the FDCPA. Accordingly, Counts One and Two must be dismissed as they relate to the individually named Defendants.

### (Motion To Dismiss Directed To Counts Three, Four And Five)

**D. Since All of the Alleged Misconduct Giving Rise To This Lawsuit Occurred Within the Confines of the State Court Action, Defendants Are Protected By the Judicial Privilege As Well As Defendants' Reasonable Reliance Upon the Information Provided By Its Client.**

It has long been the law of this Commonwealth that "[a]ll communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse." *Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971). "Pursuant to the judicial privilege, a person is entitled to absolute immunity for 'communications which are issued *in the regular course of judicial proceedings* and which are *pertinent and material to the redress or relief sought.*" *Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004)(citations omitted)(emphasis original). "This privilege is based on the 'public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate." *Id.*

While the judicial privilege historically has been raised to defeat defamation suits, the modern version has been broadened in most jurisdictions to include all kinds of tort liability. *See Heavrin v. Nelson*, 384 F.3d 1999 (6th Cir. 2004); *see also Levin v. United*

*States Fire Ins. Co.*, 639 So.2d 606 (Fla. 1994). One reason for this expansion of the judicial privilege is the fact that the courts have a full array of sanctions to ensure that it is never abused. From sanctions pursuant to Pennsylvania Rule of Civil Procedure 1023.1 or Federal Rule of Civil Procedure 11 to contempt proceedings, the courts can ensure the proper function of the judicial privilege. Here, Plaintiff neglected to pursue any of her remedies pursuant to Pa.R.C.P. 1023.1. in the State Court Action.

Plaintiff's allegations of misconduct relate exclusively to the State Court Action. It is the content of the pleadings filed in the State Court Action as well as the statements made in the courtroom that form the basis of Plaintiff's lawsuit. Since all of these communications were made in the regular course of judicial proceedings and were pertinent to the relief sought, Defendants enjoy the protection of the judicial privilege.

In addition to the judicial privilege, Defendants are also protected by the fact that they pursued the State Court Action on behalf of Chase. In Pennsylvania, "[t]he law is well established that 'an attorney is entitled to rely in good faith upon the statement of facts made to him by his client, and is not under a duty to institute an inquiry for the purpose of verifying his statement before giving advice thereon.'" *Kit v. Mitchell*, 771 A.2d 814, 823 (Pa.Super. 2001)(quoting *Meiksin v. Howard Hanna Co., Inc.*, 590 A.2d 1303, 1306 (Pa.Super. 1991)). As reported by Plaintiff, the complaint filed in the State Court Action was verified by an authorized representative of Chase. Amended Complaint, ¶ 47. Defendants' reliance upon the information provided by Chase is not cause for liability. Coupled with the judicial privilege, Counts Three, Four and Five must be dismissed.

**(Motion To Dismiss Directed To Counts Three, Four And Five)**

**E.     The Individually Named Defendants Did Not Engage In Any Conduct That Would Warrant Their Liability Under Any of the State Law Claims.**

Plaintiff asserts that that each of the individually named Defendants are vicariously liable in both their corporate and individual capacities due the fact that they are "under a respondeat superior relationship" with their employer. It appears that Plaintiff is attempting to pierce the corporate veil and somehow reverse the flow of liability under the concept of respondeat superior. Regardless of the precise theory of liability, Plaintiff has failed to provide sufficient allegations to allow for the possibility that any of the individual Defendants have been properly named in this lawsuit.

First and foremost, Plaintiff fails to set forth any facts that would permit this Court to overlook the limited liability structure of WWR. *See Lumax Industries, Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)(there is a strong presumption in Pennsylvania against piercing the corporate veil). Absent from the Complaint are any specific allegations regarding the conduct or position held by the individually named Defendants that could support liability. Based on Paragraph 16 of the Amended Complaint, Plaintiff appears to assert that any attorney employed by WWR who received a paycheck faces liability in this lawsuit. Such absurdity warrants dismissal of Counts Three, Four and Five against the individually named Defendants.

**(Motion To Dismiss Directed To Count Three)**

**F.     Plaintiff Fails To State A Cognizable Claim Against Defendants Pursuant To Chapter 33 Of the Pennsylvania Commercial Code.**

Even after reading Count Three in the light most favorable to Plaintiff, no cause of action - much less a cause that is actionable - under 13 Pa.C.S. §§ 3301 *et seq.* can be

discerned. Regardless, this chapter of the Pennsylvania Commercial Code has absolutely no applicability to the present case. First and foremost, the parties lack privity of contract. Moreover, none of the Defendants were ever "holders" of the underlying debt instrument as that term is defined in 13 Pa.C.S. § 3301. WWR was hired by the holder, Chase, to enforce its obligation against Plaintiff. Clearly, 13 Pa.C.S. §§ 3301 *et seq.* has entirely no application to the parties. Combined with Plaintiff's incoherent manner of pleading, Count Three must be dismissed.

**(Motion To Dismiss Directed To Count Five)**

**G.     Since A Private Citizen Lacks Standing To Prosecute Criminal Charges, Count Five of the Amended Complaint Must Be Dismissed.**

The charging function in the Commonwealth of Pennsylvania "is inherent in the duties of the district attorney, an elected official." *Commonwealth v. McCalman*, 795 A.2d 412, 416 (Pa.Super. 2002). "Neither the trial court nor an appellate court may interfere with this function of the prosecution provided the appellant has not established fraud, prejudice or bias in the district attorney's election of the individual charges." *Id.* In fact, a district attorney's decision not to prosecute a private complaint will not be disturbed absent a showing of bad faith, fraud or unconstitutionality. *See In re Private Complaint of Petitioner Donald Adams, Appeal of Donald Adams*, 764 A.2d 577 (Pa.Super. 2002). Clearly, Plaintiff lacks the standing to charge, much less prosecute, criminal charges against Defendants. Accordingly, Count Five must be dismissed.

**(Motion To Dismiss Directed To James Leach Listed As A Plaintiff)**

**H.     Since James Leach Has Failed To Assert Any Causes of Action Against Defendants And Lacks Standing To Do So, Mr. Leach Should Be Stricken From the Caption As A Plaintiff.**

Although James Leach is also listed as a plaintiff under the caption of this case, Mr. Leach has failed to assert any specific cause of action against Defendants. More important, Mr. Leach has failed to assert that any of the alleged, prohibited conduct was ever directed against him. The sole basis of Mr. Leach's purported status as a plaintiff is set forth in Paragraph 25 as follows:

> James Leach has suffered consortium by the tactics used by Defendant's collectively in order to cause emotional distress, marital rights, companionship, affection and attention and aid when both Leach and [Plaintiff] has spent hundreds of hours collectively and individually studying and defending themselves against these trained legal experts.

Without more, these bald allegations are insufficient to support any type of recovery against Defendants. See *Iqbal, supra*. Accordingly, Mr. Leach should be stricken from the caption.

### IV.   CONCLUSION

Based on the foregoing statements of law and fact, the Motion to Dismiss should be granted and the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

Strassburger McKenna Gutnick
& Gefsky

Date: June 16, 2011          By:   /s/ Joseph R. Lawrence
Joseph R. Lawrence (Pa. I.D. No. 65709)
Trent A. Echard (Pa. I.D. 206598)
Four Gateway Center
444 Gateway Center, Suite 2200
Pittsburgh, PA  15222
412-281-5423 (Office)
412-281-8264 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was served via CM/ECF filing and by First Class Mail, U.S. Mail, postage prepaid, this __16th__ day of June, 2011, on the following:

Norma Diane Fritz, pro se
James Leach, pro se
5124 College Street
Finleyville, PA 15332


STRASSBURGER McKENNA
GUTNICK & GEFSKY


By:___/s/ Joseph R. Lawrence___
     Joseph R. Lawrence, Esquire
     Pa. ID No. 65709

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423 (Office)
(412) 281-8264 (Fax)

*Counsel for Defendants*